GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON SANTOME
Assistant United States Attorney
Arizona State Bar No. 031263
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: addison.santome@usdoj.gov
Attorneys for Plaintiff

REDACTED FOR
PUBLIC DISCLOSURE

FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 2 7 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-22-00921-PHX-DJH (MHB) |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | VIO: 18 U.S.C. § 924(a)(1)(A) |
| | (False Statement During the Purchase of a Firearm) |
| 1. Richard Ruiz Diaz, (Counts 1 - 4) | Counts 1 - 5 |
| 2. Oscar Ruiz, (Count 5) | 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) |
| Defendants. | (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

**COUNTS 1 - 4**

On or about the dates listed below, in the District of Arizona, Defendant RICHARD RUIZ DIAZ knowingly made false statements and representations to the businesses listed below, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant RICHARD RUIZ DIAZ did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below, stating that Defendant RICHARD RUIZ DIAZ resided at an address in Yuma,

Arizona, whereas in truth and fact, Defendant RICHARD RUIZ DIAZ knew that he resided at a different address:

| Count | Date | Location |
|---|---|---|
| 1 | January 31, 2020 | Yuma Coin & Gun (Yuma, AZ) |
| 2 | March 1, 2020 – March 2, 2020 | Yuma Coin & Gun (Yuma, AZ) |
| 3 | March 7, 2020 | Jones and Jones (Somerton, AZ) |
| 4 | March 19, 2020 | Jones and Jones (Somerton, AZ) |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT 5

On or about February 8, 2020, in the District of Arizona, Defendant OSCAR RUIZ knowingly made false statements and representations to Sprague's Sports, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Sprague's Sports, in that Defendant OSCAR RUIZ did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating that Defendant OSCAR RUIZ resided at an address in Yuma, Arizona, whereas in truth and fact, Defendant OSCAR RUIZ knew that he resided at a different address.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 5 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1 through 5 of this Indictment, the Defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the Defendants'

property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the Defendants are liable, including, but not limited to, the following property involved and used in the offense:

(1) One Barrett, model M82A1, .50 BMG caliber rifle bearing serial number AA009719 (Count 4).

If any forfeitable property, as a result of any act or omission of the Defendants:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said Defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

s/
FOREPERSON OF THE GRAND JURY
Date: July 27, 2022

GARY M. RESTAINO
United States Attorney
District of Arizona

s/
ADDISON SANTOME
Assistant U.S. Attorney

- 3 -