GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON SANTOME
Assistant U.S. Attorney
Arizona State Bar No. 031263
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone: 602-514-7500
Email: Addison.Santome@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          vs.<br><br> Richard Ruiz Diaz,<br><br>                    Defendant. | CR-22-00921-01-PHX-DJH<br><br>**UNITED STATES' SENTENCING MEMORANDUM AND RESPONSE TO PRESENTENCE REPORT**<br><br>**Sentencing Hearing: 1/30/2024** |

Defendant RICHARD RUIZ DIAZ (Defendant) pleaded guilty to Count 4 of the indictment, Making a False Statement During the Purchase of a Firearm, in violation of 18 United States Code (U.S.C.) § 924(a)(1)(A).  The United States agrees with the Presentence Report (PSR) calculations resulting in a Total Offense Level of 12, Criminal History Category I, and a Guidelines range of 10–16 months' imprisonment.  The United States has no objections or corrections to the PSR.  The United States submits that a less than guideline sentence of six (6) months' imprisonment, followed by a term of three (3) years' supervised release is appropriate.  This Sentencing Memorandum is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTS AND PROCEDURAL HISTORY**

Defendant was charged by indictment in Counts 1 through 4, Making a False Statement in Connection with the Acquisition of a Firearm, in violation of 18 U.S.C. § 924(a)(1)(A).  June 23, 2023, Defendant pleaded guilty to Count 4 of the indictment and the United States agreed to dismiss Counts 1 – 3 at the time of sentencing.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant stipulated that Defendant's sentence shall not exceed the low end of the applicable sentencing range.  Defendant admitted to the following factual basis in the plea agreement:

On or about March 19, 2020, Defendant RICHARD RUIZ DIAZ entered Jones & Jones, a Federal Firearms Licensee (FFL), in Somerton, Arizona. Defendant RICHARD RUIZ DIAZ selected a firearm to purchase and completed the Firearms Transaction Record, known as ATF Form 4473.  The firearm was a Barrett, model M82A1, .50 BMG caliber rifle bearing serial number AA009719. Under the provisions of Chapter 44 of Title 18, United States Code, ATF Form 4473 contains information required to be kept by FFLs.

While completing ATF Form 4473, Defendant RICHARD RUIZ DIAZ stated that he resided at an address in Yuma, Arizona.  At the time of completing the form, Defendant RICHARD RUIZ DIAZ knew he resided at a different address. After Defendant RICHARD RUIZ DIAZ submitted the form to Jones & Jones, he purchased and left with the firearm.

**II.     SENTENCE RECOMMENDATION**

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007).  After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008)(en banc).  Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the following purposes:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

The nature and circumstances of these offenses—False Statement During the Purchase of a Firearm—are serious. 18 U.S.C. § 3553(a)(1). The Defendant, using a false Arizona address, purchased multiple firearms, including two .50 caliber rifles which he would not have been able to purchase in California. After purchasing these large caliber firearms, Defendant immediately resold them for a profit. Defendant did not conduct a background check or save any paperwork related to the sale. Instead, Defendant made a profit and placed the community in danger when he circumvented federal firearm laws.

The history and characteristics of this Defendant weighs in his favor. U.S.C. § 3553(a)(1). The Defendant has limited criminal history and appears to be law abiding. Additionally, except for two positive drug tests, he has performed well on pretrial release. This weighs in favor of a less than guideline sentence.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by Defendant. 18 U.S.C. § 3553(a)(2)(B). The need to deter individuals from purchasing and re-selling assault and sniper rifles for profit, without appropriate licenses, is paramount. These firearms are sought by organizations that are willing to pay thousands of dollars over the market value to obtain them illegally. It is necessary to impress upon the community the seriousness of this violation.

The Defendant's need for drug and mental health treatment can be accomplished while he remains in custody and during his supervised release. U.S.C. § 3553(a)(2)(D). Despite Defendant's assertion that he does not need treatment, he has suffered a traumatic

loss and recently tested positive for marijuana. To the extent he needs treatment, supervision will provide him with oversight and direction.

When evaluating all the factors, despite his mostly positive performance on pretrial release, an incarceration sentence is appropriate. A term of 6-months incarceration followed by 3 years of supervised release is appropriate.

### III.  CONCLUSION

Based on the foregoing and considering the sentencing factors set out in 18 U.S.C. § 3553(a), the United States recommends that Defendant be sentenced to six (6) months in the Bureau of Prisons followed by three years of Supervised Release.

Respectfully submitted this 25th day of January, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/ Addison Santome
ADDISON SANTOME
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of January, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing sealed documents, and that true and accurate copies have been transmitted electronically to the following recipient:

Colin O'Sullivan
*Attorney for Defendant*

 *s/ Addison Santome*
United States Attorney's Office